Case 4:21-cv-00770 Document 13 Filed on 03/29/22 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR TODD WILLIAMS, § | |
| TDCJ # 01872886, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-0770 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Victor Todd Williams, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds *pro se*. Respondent filed a motion to dismiss (Dkt. 8) and a copy of the state court records (Dkt. 9). Williams has responded (Dkt. 12) and the motion is ripe for decision. Having reviewed the petition, the motions and briefing, the applicable law, and all matters of record, the Court will dismiss this action as time-barred for the reasons explained below.

### I. BACKGROUND

Williams was charged with felony murder in the 339th District Court of Harris County, Case No. 1386052, Hon. Maria T. Jackson presiding. The jury convicted Williams of aggravated robbery with a deadly weapon, a lesser-included offense. On July 29, 2013, the trial court entered judgment and sentenced Williams to 75 years in TDCJ (Dkt. 9-21,

at 7 (indictment); *id*. at 206 (verdict); *id*. at 212-13 (judgment)).

On October 13, 2015, the Fourteenth Court of Appeals affirmed Williams' conviction. *Williams v. State*, No. 14-13-00708-CR, 2015 WL 5935660 (Tex. App.–Hou. [14th Dist.] Oct. 13, 2015, pet. ref'd); Dkt. 9-3; Dkt. 9-4; Dkt. 9-5.[1] On March 9, 2016, the Texas Court of Criminal Appeals refused his petition for discretionary review, PD-1473-15 (Dkt. 9-20). Williams did not petition the United States Supreme Court for a writ of *certiorari*.

On February 23, 2017, Williams executed an application for state habeas relief (WR-87,193-01) and brought three claims: that the evidence was insufficient to support the conviction for aggravated robbery; that his punishment was cruel and unusual; and that his trial counsel was constitutionally ineffective (Dkt. 9-44, at 5-22). The trial court entered findings of fact and conclusions of law recommending denial of habeas relief (*id.* at 46-52). On August 23, 2017, the Court of Criminal Appeals denied relief without written order on the findings of the trial court without a hearing (Dkt. 9-41).

On March 18, 2020, Williams executed a second state habeas application (WR-87,193-02) (Dkt. 9-51, at 5-13; *see id.* at 44-62). The Court of Criminal Appeals dismissed the application as subsequent on October 14, 2020 (Dkt. 9-48).

Williams executed his federal petition on March 1, 2021. He claims that he is actually innocent of aggravated robbery "because the offense is jeopardy-barred on the

---

[1]  Before affirming the judgment, the appellate court abated the appeal for the appointment of new counsel for Williams, disagreeing with his trial counsel's assertion that Williams had no arguable issue for appeal. *Williams*, 2015 WL 5935660, at *2 n.1. Williams then raised multiple issues, including sufficiency of the evidence and ineffective assistance of counsel. *Id.* at *1.

basis that the jury found [Williams] not guilty of the offense of Murder while in the course of committing the felonious act of Aggravated Robbery" (Dkt. 1, at 7); that the trial court lacked jurisdiction over the aggravated robbery charge "because the offense of Aggravated Robbery against Tellie Simmons was not the lesser-included offense of Murder against Justin Thompson" (*id*. at 8); and that his trial and appellate counsel were both constitutionally ineffective (*id*. at 9).[2]

Respondent moves to dismiss Williams' claims as time-barred.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

Williams seeks habeas relief under 28 U.S.C. § 2254. His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[2] As explained in the appellate court's opinion, Williams agreed to participate with three others in a robbery of Tellie Simmons. Williams waited outside with a rifle while the other three entered Simmons' house. The opinion states that "[s]hots were fired from outside the house" and that Justin Thompson, one of Williams' accomplices, was struck by a bullet and died. Williams was charged with felony murder and his two surviving accomplices, who testified against Williams, were charged with aggravated robbery. The jury convicted Williams of aggravated robbery, a lesser-included offense of felony murder. *Williams*, 2015 WL 5935660, at *1-2.

>> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

In Williams' case, the appellate court affirmed his conviction on October 13, 2015, and the Court of Criminal Appeals refused his petition for discretionary review on March 9, 2016. Because Williams did not file a petition for a writ of *certiorari* to the United States Supreme Court, his conviction became final on Tuesday, June 7, 2016, when his 90-day period for filing the petition ended. *See* SUP. CT. R. 13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003). Therefore, his limitations period expired one year later, on Wednesday, June 7, 2017. His federal petition, executed on March 1, 2021, is over three and a half years late and time-barred unless a statutory or equitable exception applies.

Williams filed his first state habeas application on February 23, 2017. The application was pending for 181 days before the Court of Criminal Appeals denied habeas relief on August 23, 2017.[3] When 181 days are added to Williams' federal limitations

---

[3] Williams argues that his petition is not time-barred because the mandate has not yet issued after his state habeas proceedings (Dkt. 12, at 3-7). A mandate issued on October 13, 2015, at the conclusion of Williams' direct appeal (Dkt. 9-5). During his state habeas proceedings, the trial court issued findings and conclusions recommending that habeas relief be denied, and the Court of Criminal Appeals denied relief based on those findings, as permitted by the statutory provision Williams cites. *See* TEX. CODE OF CRIM. PROC. art. 11.07 § 5 ("The Court of Criminal Appeals

period, his filing deadline extends from June 7, 2017, to Tuesday, December 5, 2017. Because his federal petition was not executed until March 1, 2021, the tolling provision in 28 U.S.C. § 2244(d)(2) does not render the petition timely.[4] Additionally, Williams does not demonstrate the applicability of any provision in § 2244(d)(1) that might warrant a later accrual date because he does not identify a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a new factual predicate for his claims.

Williams claims that he missed his federal filing deadline because the prison law library did not have materials regarding the limitations period, that he was unaware of the law, and that law library personnel "actively misled" him about his rights (Dkt. 12, at 14-16). To the extent Williams invokes equitable tolling of the limitations period based on the limitations of the prison law library, he would be required to show that he diligently pursued his rights or that an "extraordinary circumstance" stood in the way of a timely federal petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). A petitioner seeking application of the doctrine has the burden to provide supporting facts,

---

may deny relief upon the findings and conclusions of the hearing judge without docketing the cause, ***or*** may direct that the cause be docketed and heard . . .") (emphasis added). The record in this case and the authorities cited by Williams do not support his assertion that a mandate in his proceedings has yet to issue or that his state habeas petition remains pending.

[4]   Williams' second state habeas application, executed on March 18, 2020, did not toll the limitations period under AEDPA because, at the time Williams filed it, the limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of a federal habeas petition. *Id.* at 714-15. *See Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (the petitioner's legal confusion about AEDPA's limitations period did not warrant equitable tolling); *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation"). Williams' lack of awareness about his limitations period is insufficient to excuse the diligence requirement. *See Fisher*, 174 F.3d at 714-15. Additionally, he pleads no facts that could show that he diligently pursued federal habeas relief in the one-year period after June 7, 2016, when his conviction became final. *See Jackson*, 933 F.3d at 411. Equitable tolling thus is not available under the authorities cited above.

Finally, Williams requests that the Court apply the actual-innocence exception to AEDPA's time bar. Actual innocence, if proved, serves as an equitable exception to the limitations period in Section 2244(d) and allows a "gateway" for a petitioner to present claims that otherwise would be barred. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Hancock v. Davis*, 906 F.3d 387, 389-390 (5th Cir. 2018). A showing of actual innocence is "rare" and requires a petitioner to show that, "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Although a petitioner is not required to show diligence, as would be required for equitable tolling, the timing of the petition "is a factor bearing on the 'reliability of the evidence' purporting

to show actual innocence." *Id*. at 386-87 (quoting *Schlup*, 513 U.S. at 332). In other words, if a petitioner has delayed in bringing his claim of actual innocence, that delay is a factor relevant to the reliability of his evidence. *Id*. at 399.

Here, Williams claims that he is actually innocent of aggravated robbery because his "constitutional claims of Double-Jeopardy presents a prima facie claim of actual innocence" (Dkt. 1, at 12; *see* Dkt. 12, at 7). He bases his argument on the jury's finding that he was not guilty of felony murder, which he states resolved "the issue of whether [Williams] committed the offense and component thereof, namely, the aggravated robbery of Tellie Simmons, . . . adversely against the prosecution" (Dkt. 1, at 13). He further argues that "[i]t would be a fundamental miscarriage of justice for the Court not to consider [Williams'] constitutional claim of double-jeopardy" (Dkt. 12, at 13). However, his arguments regarding double jeopardy all rely on information that was in the trial record and was available to him at the time of his trial and direct appeal. He has not cited to any "new evidence" that is material to his conviction and could satisfy the actual innocence standard, as the governing authorities require. *See McQuiggin*, 569 U.S. at 386; *Hancock*, 906 F.3d at 389-390.

Because Williams' petition is time-barred and he presents no meritorious basis to extend the limitations period in his case, Respondent's motion to dismiss must be granted.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S.

322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because

the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion to dismiss (Dkt. 8) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ March 29 _____, 2022.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE