United States District Court
Southern District of Texas
**ENTERED**
May 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR TODD WILLIAMS, § | |
| TDCJ # 01872886, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-0770 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Victor Todd Williams, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for aggravated robbery with a deadly weapon. On March 29, 2022, the Court granted Respondent's motion to dismiss the petition as time-barred. On April 14, 2022, Williams filed a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). Although Williams has since filed a notice of appeal (Dkt. 16), the notice becomes effective after this Court disposes of the motion for reconsideration. *See Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005); FED. R. APP. P. 4(B)(i).

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the

narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012); *Ross*, 426 F.3d at 763.

In his pending motion for reconsideration, Williams makes three arguments. First, he argues that jurists of reason would debate whether the statute of limitations was tolled by his first state habeas application. Williams claims that his state habeas petition remains pending because no mandate has issued from the state habeas court. Williams raised this issue before judgment, and the Court held that tolling was not warranted. *See* Dkt. 25, at 4-5 n.3 (noting that a mandate issued at the conclusion of Williams' direct appeal and that the Court of Criminal Appeals denied habeas relief); Dkt 9-5 (mandate)..

Second, Williams argues that reconsideration is appropriate because an inadequate law library at his prison unit prevented his timely filing of a federal habeas petition. As stated in the Court's previous opinion, this argument is insufficient to warrant equitable tolling. *See* Dkt. 26, at 5-6 (citing, *inter alia*, *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007); *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012); *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999)).

Third, Williams argues that the actual innocence exception to AEDPA's statute of limitations applies in his case because his rights under the Double Jeopardy Clause were violated. The Court previously rejected this argument because Williams does not cite to any "new evidence" that is material to his conviction and could satisfy the actual innocence standard (Dkt. 25, at 7).

Williams raises arguments that were, or could have been, made before the judgment issued. None of his arguments for reconsideration justify relief under Rule 59(e). *See Rodriguez*, 695 F.3d at 371. Because his arguments do not show that the Court erred in dismissing his petition as time-barred, his motion for reconsideration (Dkt. 15) is **DENIED**.

Williams' motion for leave to proceed *in forma pauperis* on appeal (Dkt. 17) is **DENIED** at this time because Williams has not submitted a certified copy of his inmate trust-fund account statement for the 6-month period immediately preceding the filing of the notice of appeal. *See* 28 U.S.C. § 1915(a)(2). Within thirty days of the date of this order, Williams must pay the appellate docketing fee ($505.00) or submit a certified copy of his inmate trust-fund account statement.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on May 17, 2022.

George C. Hanks Jr.
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE